## Monmouth County Court of Common Pleas.

SARAH ELIZABETH BACON, PETITIONER-APPELLEE, v. TOWNSHIP OF NEPTUNE, RESPONDENT-APPELLANT.

Decided December 15, 1943.

For the petitioner-appellee, *Thomas F. Shebell.*

For the respondent-appellant, *Durand, Ivins & Carton.*

GIORDANO, C. P. J. This is an appeal from the decision of the Workmen's Compensation Bureau allowing the payment of compensation to the petitioner-appellee's grandchild, Sarah Laura Bacon, as a total dependent of her grandfather, Louis Bacon, who died on June 4th, 1941, as a result of an accident arising out of and in the course of his employment.

The proofs show that said grandchild, Laura Bacon, was born on November 18th, 1934, and that she was under the age of sixteen years at the time of her grandfather's death and that she was a member of his household at the time of his decease.

The respondent-appellant on this appeal does not contest the death of the said Louis Bacon as a result of the accident, nor does the respondent-appellant contest that portion of the determination which found that his widow, Sarah Elizabeth Bacon, was totally dependent upon the decedent.

The subject-matter of this contest is whether the said Sarah Laura Bacon is a dependent at all of the decedent, and further, if a dependent, was she a total dependent or only a partial dependent.

*R. S.* 34:15–13; *N. J. S. A.* 34:15–13, is dispositive of who is a dependent.

Although the grandchild in the instant case had a father and mother living at the time of the decedent's death, the testimony conclusively shows that the grandchild had been from at least two weeks from the date of her birth a member of the decedent's household and had been entirely supported from the income derived by her grandparent, without contribution from her living father or mother.

In face of the evidence, as I have examined it, I am of the belief that the court below was justified in his conclusion that Sarah Laura Bacon, the grandchild of said decedent, was totally dependent upon the deceased, and that she was a member of his household at the time of his death.

The statute is remedial and should at all times have a

liberal construction. Whether the grandchild's living parents were financially able to support their child has no bearing upon the uncontroverted fact that said grandchild, under the proofs, was not supported by them, but was instead fully supported by the decedent.

Nothing in the statute makes doubtful the right of the petitioner to recover compensation based on the degree of dependency that really existed when death, compensable under the law, coms to that member of the family to whom the grandchild was obliged to look for support.

Chief Justice Brogan, in his decision affirming the Common Pleas Court in re: *Cliewe* v. *Mulberry Metal Stamping Works, Inc.,* 125 *N. J. L.* 555; 16 *Atl. Rep. (2d)* 812, very properly said:

"The statutory mandate that a widow and natural children under sixteen years of age, actually part of the decedent's household at the time of his death, are conclusively presumed to be his dependents, is a sound, sociological principle. That it may be contrary to fact in many cases does not make it any the less sound public policy. It does not follow that because there be a legal presumption of dependency, under our statute, *supra,* in favor of a widow on the death of her husband, she may not, as here, have been entirely dependent on her son while her husband was living."

Under the proofs as they are before me, and for the reasons herein given, the judgment of the court below, in so far as this appeal is taken is affirmed.